IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, STATES OF CALIFORNIA; CONNECTICUT; FLORIDA; GEORGIA; ILLINOIS; INDIANA; LOUISIANA; MICHIGAN; MINNESOTA; NEW YORK; NORTH CAROLINA; TENNESSEE; AND TEXAS; *ex rel.*, DANIEL W. CREGER | ) | CIVIL CASE No.: 3:20-cv-00592<br>JUDGE CAMPBELL |
| Plaintiffs, | ) | |
| v. | ) | **FILED UNDER SEAL** |
| PINNACLE DERMATOLOGY LLC, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'**
***EX PARTE* MOTION TO PARTIALLY LIFT SEAL**

Pursuant to the False Claims Act (FCA), 31 U.S.C. § 3730(b)(2), the United States has moved for an *ex parte* order to partially lift the seal in this case.[1] This motion is submitted so that at its discretion, the United States may disclose the allegations raised by Relator Daniel Creger and provide a copy of the Complaint and any amended complaints subsequently filed to (1) relators and their counsel in *qui tam* actions against any Defendant that are pending or that may be filed in other federal judicial districts, and (2) courts where such matters are or may be pending. The Plaintiff-States concur in the relief requested.

[1] The United States has not served Relator with copies of this motion and supporting materials to partially lift the seal in this case. To do so would alert Relator to the potential existence of other sealed *qui tam* actions against Defendants before the United States has permission from this Court and other courts to partially lift the seal on those actions, and before the United States could disclose the existence of Relator's action to the relators that may have filed those other *qui tam* complaints. With the grant of this request to partially lift the seal on this case as well as the grant from other courts in those other potential pending matters, the United States intends to disclose this action and other potential pending actions to any and all relators simultaneously.

For the reasons set forth below, the United States' motion to partially lift the seal on Relator's Complaint and any amended complaints subsequently filed should be granted as an appropriate means of streamlining the United States' investigation of claims filed against Defendants and the potential resolution of such claims.

**BACKGROUND**

The FCA, 31 U.S.C. §§ 3729-3733, provides for the award of treble damages and civil penalties for, *inter alia*, the presentation of a false claim or the making of a false statement in order to obtain a payment from the United States Government. 31 U.S.C. § 3729(a)(1) and (2). Section 3730(b) of the Act permits a private person, known as the "relator," to bring a *qui tam* action "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). With certain exceptions, such relators are entitled to a share of the proceeds of a judgment or settlement of their *qui tam* actions. 31 U.S.C. § 3730(d).

Relator alleges that Defendants submitted or caused the submission of false claims to Medicare and Medicaid by dermatologists with whom they contract because Defendants pay kickbacks to the dermatologists for referrals of Superficial Radiation Technology ("SRT") treatments provided by Defendants. Relator alleges that Defendants' contracts with dermatologist violate the Medicare and Medicaid Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(f), and the Stark Law, 42 U.S.C. § 1395nn, and that claims submitted to Medicare and Medicaid for SRT that are tainted by kickbacks violate the federal and state FCAs. On March 11, 2022, the Court extended the time for the United States and the Plaintiff States to notify the Court of their decision regarding intervention until September 12, 2022, and the case remains under seal until that date, subject to further extension request by the United States.

Other *qui tam* lawsuits, filed under the FCA and under separate state FCA statutes, may have been filed against one or more Defendants, or may be filed in the future. The United States submits that allegations in those actions may be similar to or in fact overlap with some of the allegations contained in the present case. To the extent that any such other actions are pending, or may be filed in the future, the United States submits this motion so that at the discretion of the United States, the United States may disclose the allegations raised by Relator and provide a copy of the Complaint and any amended complaints subsequently filed to any relators and their counsel in such other *qui tam* actions. The United States also seeks a partial lift seal order to permit it to disclose the allegations raised by Relator and to provide a copy of the Complaint and any amended complaints subsequently filed to courts in which such other *qui tam* actions may be pending.

## **DISCUSSION**

Under section 3730(b) of the FCA, *qui tam* complaints are filed under seal so that the United States has "an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *See* Legislative history of the FCA, S. Rep. 99-345, 99th Cong., 2d Sess., *reprinted in* 1986 U.S. Code Cong. & Admin. News 5266, 5289.

The FCA also contains a first-to-file rule that restricts the filing and pursuit of duplicative *qui tam* actions. The rule provides that once a first *qui tam* action has been filed, no person may subsequently bring "a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5); *see United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 232-33 (3rd Cir. 1998).

As part of its evaluations of allegations of fraud, it is frequently prudent for the United States to determine whether similar allegations of fraud exist in other *qui tam* complaints filed in other district courts. However, the seal imposed by 31 U.S.C. § 3731(b)(2) prevents the United States from advising relators of the pendency of such other lawsuits with similar or overlapping allegations without a partial unsealing from the court where each of those actions is pending. The United States submits this request to partially unseal this case for the purpose of disclosing this matter to *qui tam* relators who may have filed related complaints.

Disclosure is in the interests of justice and judicial economy. The existence of *qui tam* cases pending under seal with similar or overlapping claims bears the seeds for potential conflict among putative relators because each may contend that he or she has a valid stake in any or all of any future judgment or settlement with Defendants. The United States submits that the most efficient way to resolve potential conflicts between such relators is to disclose the existence of each of the actions to them so that they may attempt to resolve their potentially competing claims amicably and without litigation. For example, a later-filing relator may decide to dismiss voluntarily his or her claims if it is clear that they are barred by the first-to-file rule. Or two or more relators may reach an agreement as to which claims each relator is "first" and thus entitled to share in the proceeds of any recovery in the future. Disclosure will prevent misunderstandings that impede the investigation of this case, distract the relators, and divert the United States' resources to resolving relator disputes rather than investigating and pursuing the fraud allegations. In addition, resolution of potential issues under the first-to-file rule that otherwise could affect the jurisdiction of this Court and other district courts will conserve judicial resources. Accordingly, it is in the interest of judicial economy to lift the seal so that such discussions may commence.

Out of an abundance of caution, the United States also seeks a partial lifting of the seal so that it may disclose the existence of this matter to other federal district courts where related *qui tam* actions against one or more Defendants may be pending. In any such other *qui tam* matters, the United States intends to seek partial lifts of the seal consistent with the application in this case so that this Court and Relator in this action may be informed about the existence of those other matters.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the seal on this *qui tam* action be partially lifted so that, at the discretion of the United States, the United States may disclose the allegations raised by Relator and provide a copy of the Complaint and any amended complaints filed after this date to (1) relators and their counsel in *qui tam* actions against any or all of the above-named Defendants pending in other federal judicial districts, and (2) courts in which such matters are or may be pending.

Respectfully submitted,


MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

By: s/ Wynn M. Shuford
WYNN M. SHUFORD
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
Email: wynn.shuford@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMIE YAVELBERG
COLIN HUNTLEY
MARIE V. BONKOWSKI

U.S. Department of Justice
Civil Division
Commercial Litigation Branch, Fraud Section
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-6833
Email: Marie.Bonkowski@usdoj.gov

*Counsel for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June, 2022, a copy of the foregoing was filed by e-mail with the Clerk's Office per instruction of the Court. A service copy was served via email on the following:

Tony Hullender
Deputy Attorney General
Office of the Tennessee Attorney General
John Sevier Building, 3rd Floor
500 Dr. Martin L. King, Jr. Blvd.,
Nashville, Tennessee 37243
Email: tony.hullender@ag.tn.gov

Because this action is under seal pursuant to 31 U.S.C. §§ 3729-3733, as amended, Relator and Defendants have not been served with copies of the foregoing.

s/ Wynn M. Shuford
WYNN M. SHUFORD
Assistant United States Attorney