IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, STATES OF CALIFORNIA; CONNECTICUT; FLORIDA; GEORGIA; ILLINOIS; INDIANA; LOUISIANA; MICHIGAN; MINNESOTA; NEW YORK; NORTH CAROLINA; TENNESSEE; AND TEXAS; *ex rel.*, DANIEL W. CREGER | ) | CIVIL CASE No.: 3:20-cv-00592<br>JUDGE CAMPBELL |
| Plaintiffs, | ) | |
| v. | ) | **FILED UNDER SEAL** |
| PINNACLE DERMATOLOGY LLC, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' *EX PARTE* MOTION TO PARTIALLY LIFT THE SEAL**

The United States of America ("United States") submits this memorandum of law in support of its *ex parte* motion for a partial seal lift. This motion is submitted so that at its discretion, the United States may disclose the allegations raised by Relator Daniel Creger and provide a copy of the Complaint and any amended complaints subsequently filed to Defendants and their counsel. The Plaintiff-States and Relator concur in the relief requested.

## BACKGROUND

The FCA, 31 U.S.C. §§ 3729-3733, provides for the award of treble damages and civil penalties for, *inter alia*, the presentation of a false claim or the making of a false statement in order to obtain a payment from the United States Government. 31 U.S.C. § 3729(a)(1) and (2). Section 3730(b) of the Act permits a private person, known as the "relator," to bring a *qui tam* action "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). With certain

exceptions, such relators are entitled to a share of the proceeds of a judgment or settlement of their *qui tam* actions. 31 U.S.C. § 3730(d).

Relator alleges that Defendants submitted or caused the submission of false claims to Medicare and Medicaid by dermatologists because Defendant SkinCure Oncology ("SkinCure) pays kickbacks to the dermatologists with whom it contracts for referrals of Superficial Radiation Technology ("SRT") treatments provided by SkinCure personnel. Relator alleges that SkinCure's contracts with dermatologists violate the Medicare and Medicaid Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(f), and the Stark Law, 42 U.S.C. § 1395nn, and that claims submitted to Medicare and Medicaid for SRT that are tainted by kickbacks violate the federal and state FCAs. On March 11, 2022, the Court extended the time for the United States and the Plaintiff States to notify the Court of their decision regarding intervention until September 12, 2022, and the case remains under seal until that date, subject to the granting of any further extension request by the United States.

Other *qui tam* lawsuits, filed under the FCA and under separate state FCA statutes, have been filed against Defendant SkinCure in the Middle District of Florida, the Western District of North Carolina, and the Southern District of Florida. While the allegations of these various *qui tam* lawsuits vary in some respects, there is some overlap in the allegations. Accordingly, the United States has coordinated the various investigations that are proceeding. In addition, the United States has engaged in discussions with SkinCure regarding whether SkinCure's business model violates the Anti-Kickback Statute or the Stark Law. Moreover, the United States has served Civil Investigative Demands and made informal follow-up requests for information from SkinCure in response to the information that has been received from SkinCure. As stated herein, the United States believes that it would be helpful to disclose more specific information concerning the pending *qui tam* actions to SkinCure or other Defendants, as the United States continues to

obtain additional evidence, understand the relevant issues, and make an informed decision concerning an appropriate course of action. To that end, the United States submits this motion for a partial lift seal order and is seeking partial lift seal orders from the other courts with pending sealed *qui tam* complaints against SkinCure.

**DISCUSSION**

Under section 3730(b) of the FCA, *qui tam* complaints are filed under seal so that the United States has "an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *See* S. COMM. ON THE JUDICIARY, THE FALSE CLAIMS REFORM ACT OF 1985, S. Rep. No. 99-345, at 24 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5266, 5289. The legislative history also notes that the *qui tam* seal allows the government "an opportunity to study and evaluate" fraud allegations. *Id*.

As part of that evaluation, before making an intervention decision, the United States may seek permission from the Court to notify a defendant named in the *qui tam* complaint of the existence of the complaint and the underlying factual allegations. This allows a defendant to have an opportunity to assess the allegations and more fully respond to the Government. Moreover, a partial seal lift may aid negotiations concerning additional requests for documents and information the United States seeks from SkinCure and other Defendants.

For the foregoing reasons, the United States respectfully requests that the seal of this *qui tam* action be partially lifted so that the United States may disclose and provide a copy of the *qui tam* complaint or any amended complaints, or a subset of information contained therein, to Defendants and their counsel. The United States further requests that the complaint and all other

filings otherwise remain under seal through the September 12, 2022, extension and seal period as previously ordered by the Court.

Respectfully submitted,

MARK H. WILDASIN
United States Attorney

By: s/ Wynn M. Shuford
WYNN M. SHUFORD
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203
Telephone: (615) 736-5151
Email: wynn.shuford@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMIE YAVELBERG
COLIN HUNTLEY
MARIE V. BONKOWSKI
U.S. Department of Justice
Civil Division
Commercial Litigation Branch, Fraud Section
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-6833

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2022, a copy of the foregoing was filed by e-mail with the Clerk's Office per instruction of the Court. A service copy was served via email on the following:

Tony Hullender
Deputy Attorney General
Office of the Tennessee Attorney General
John Sevier Building, 3rd Floor
500 Dr. Martin L. King, Jr. Blvd.,
Nashville, Tennessee 37243
Email: tony.hullender@ag.tn.gov

Because this action is under seal pursuant to 31 U.S.C. §§ 3729-3733, as amended, Relator and Defendants have not been served with copies of the foregoing Motion.

s/ Wynn M. Shuford
WYNN M. SHUFORD
Assistant United States Attorney